United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL MOTEKAITIS, et al.,

    Plaintiffs,

v.

USI INSURANCE SERVICES NATIONAL, INC., et al.,

    Defendants.

Case No. 24-cv-00885-RS

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

## I. INTRODUCTION

This case concerns averred defamation, tortious interference with business, blacklisting, and intentional infliction of emotional distress. Plaintiffs, Paul Motekaitis and Carri Mangelli Kneass, sued their former employer, USI Insurance Services, LLC, as well as several individuals associated with company, after it terminated them and then emailed clients an explanation that cast them in a bad light. Plaintiffs also aver that Marsh & McLennan Agency LLC and one of its employees republished the allegedly defamatory email in an attempt to siphon away potential business.

At present, Plaintiffs seek leave to amend their complaint for a third time, having already done so once in accord with the Federal Rules of Civil Procedure and once more pursuant to stipulation. As to this third bid for amended pleadings, Defendant USI opposes and Defendant McLennan does not. For the reasons explained below, the motion for leave to file a third amended complaint is granted.

## II. BACKGROUND

When discovery began in this case, Plaintiffs served Defendant USI with several requests, including one which sought "[a]ll emails sent by USI staff to third parties regarding Plaintiffs' terminations from USI," including "Any and all copies, forwards, or pdf print-outs of a USI email dated January 20, 2024 . . . with the subject line 'LEADERSHIP CHANGE IN SAN FRANCISCO BASED PRIVATE RISK MANAGEMENT GROUP'." Nestor Decl., Dkt. No. 48-1 at 2 (citing RFP No. 27). USI's counsel met and conferred with Plaintiffs' counsel and they agreed that USI would produce a master list of recipients of the allegedly defamatory email (rather than produce any other information or documents responsive to the requests). *See id.* at 3; *see also* Nestor Decl., Ex. A, Dkt. No. 48-2 at 5 (letter explaining the parties' agreement). Plaintiffs did not contest the validity of that agreement at the time nor at any time thereafter.

USI produced a list of the recipients, as agreed. Subsequently, Plaintiffs requested documents responsive to the original request (*i.e.*, all copies, forwards, or pdf printouts of the email). USI refused to provide it, having satisfied the earlier agreement. Plaintiffs did not dispute the agreement's validity, but nevertheless continued to press USI to comply with earlier requests. A separate defendant, Cindy Gross, later produced documents responsive to a distinct discovery request, including an email from Scott Pinette, a USI employee, that matches the description of Plaintiffs' initial discovery request—it is a forward of the January 20 email that allegedly defamed Plaintiffs. *See* Pinette Email, Nestor Decl., Ex. B, Dkt. No. 48-3 at 2-3 (email thread).

Prior to the discovery of the Pinette email, Plaintiffs had already sought leave to amend their complaint—first, as afforded by the Federal Rules of Procedure, and a second time via stipulation. At some point, Plaintiffs learned that they had misspelled the names of several defendants, including USI, Ernest J. Newborn II, and Marsh & McLennan Insurance Agency, LLC. They thus sought to file a third amended complaint on September 2, 2024, sending a copy of it to Defendant. Cajina Email, Nestor Decl., Ex. C, Dkt. No. 48-4 at 3-4. Before Defendant responded, Plaintiffs filed a notice of errata as to the spelling of Marsh & McLennan's name. Notably, Plaintiffs did not correct the spelling of USI nor Newborn.

1    Plaintiffs thereafter followed up with USI's counsel, seeking stipulation to the Third
2 Amended Complaint.  USI refused, contending that the request was untimely and given the
3 imminence of certain discovery and motion deadlines.  Less than two weeks later, Plaintiffs
4 sought leave to file a slightly different version of the Third Amended Complaint than the one they
5 had shared with USI.  In addition to changing the spelling of McLennan, the TAC also restates
6 several allegations, removing some details and adding new ones to better conform to discovery.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16 governs efforts to modify a scheduling order after the time for amending the pleadings has passed. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  The Rule requires "good cause" and consent of court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

If good cause to modify the schedule is present, Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit holds "[t]his policy is to be applied with extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001)).  Courts generally consider four factors: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these factors, prejudice to the opposing party carries the most weight. *Eminence Capital*, 316 F.3d at 1052.  In addition, courts consider whether the plaintiff has previously amended his complaint. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 WL 3149297, at *2 (N.D. Cal. July 25, 2017).  Generally, a court indulges all inferences in favor of granting the motion; "strong evidence" to the contrary is required in order to deny leave to amend. *Id.*

## IV. DISCUSSION

Plaintiffs' motion to file the third amended complaint is granted. First, there is good cause to correct the spelling of the party names and include a newly discovered defendant. Second, although the motion is untimely, the "extreme liberality" with which courts in the Ninth Circuit treat Rule 15 favors permitting the amendment. *See Eminence Capital*, 316 F.3d at 1051.

So too does the four-factor *Foman* analysis (though only just). As to the first, and perhaps closest, factor, Plaintiffs' practice thus far may be wanting, but it is not obviously in bad faith. To be sure, the fact that counsel is only just now correcting the various misspellings in the case caption and pleadings is curious. On July 1, 2024, the court highlighted in the scheduling order that USI's name was misspelled, as was one of the individual defendant USI employees. *See* Dkt. No. 24. In the Second Amended Complaint that followed, Plaintiffs nevertheless failed to correct the spelling of either defendant's name. *See* Dkt. No. 25. They also named as additional defendants the Marsh McLennan Insurance Agency and one of its employees, misspelling McLennan as "McLellan". *Id.* Although Plaintiffs recognized their mistake the following month and filed a notice of errata regarding the McLennan spelling error, they did not correct the spelling of USI nor Newborn, whose names appear incorrectly in the Second Amended Complaint. That said, Plaintiffs have identified another Defendant during the course of discovery, and amending a complaint in such instances is not unusual. At the very least, it is short of the sort of bad faith that would otherwise weigh against granting the motion.

As to the undue delay factor, Plaintiffs again meet the mark, barely. Their delinquency in correcting the errors in the complaint notwithstanding, it appears that they sought to stipulate to this amendment and have only filed a motion as a last resort—a choice which necessarily means the motion comes somewhat late in the course of the case.[1] With regard to the futility of the

---

[1] USI contends that the motion should be denied because Plaintiffs' counsel failed to meet and confer with defense counsel, a requirement of Local Rule 16-2. Plaintiffs counsel, however, has declared that he *did* confer with USI's counsel about the amendment. *See generally*, Cajina Decl., Dkt. No. 46-1.

proposed amendment element, the facts support granting the amendment; correcting the spelling is hardly futile, and there is not yet evidence in the record sufficient to determine that any additional claims against new defendants are so obviously futile as to doom their inclusion.

The final factor is prejudice to the non-movant, which USI claims is present due to the increased discovery burdens that will flow from amendment. It is true that a "need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (internal quotations omitted). Yet "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings[,] a showing of prejudice must be substantial. Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Labs*, 127 F.R.D. 529, 530-32 (N.D. Cal. 1989)). Here, discovery is still ongoing, so although the amendment may require additional discovery, it does not require reopening discovery and thus falls short of the sort of prejudice that would weigh against granting the motion.

## V. CONCLUSION

The motion to file a third amended complaint is granted. To the extent that party names remain misspelled, Plaintiffs are directed either to (a) file a complaint that identifies USI as USI Insurance Services, LLC and Newborn as Ernest J. Newborn II, or (b) within seven days of this order, file a letter with the court to explain why they refuse to do so.

**IT IS SO ORDERED**.

Dated: January 7, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING MOTION FOR LEAVE TO AMEND
CASE NO. 24-cv-00885-RS

6